**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 5 2019**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: Juan B. Sepeda, Jr. and Maria A. Sepeda | Case No. 15-33148 |
| | Chapter 7 |
| Debtors. | Adv. Pro. No. 18-03026 |
| Douglas A. Dymarkowski, Trustee | JUDGE MARY ANN WHIPPLE |
| Plaintiff, | |
| v. | |
| Juan B. Sepeda, Jr. and Maria A. Sepeda | |
| Defendants. | |

**MEMORANDUM OF DECISION AND ORDER RE: SUMMARY JUDGMENT MOTION**

   This adversary proceeding is before the court on a Motion for Summary Judgment [Doc. # 23] filed by Plaintiff Douglas A. Dymarkowski, the trustee in the underlying Chapter 7 bankruptcy case ("Plaintiff" or "Trustee"). Defendants Juan and Maria Sepeda ("Defendants" or "Debtors") are the debtors in the Chapter 7 case. The Trustee's complaint seeks revocation of Defendants' discharges under 11 U.S.C. § 727(a)(6)(A) and (d)(3) for refusal to obey a lawful order of the court. No response to the

Trustee's summary judgment motion has been filed by Defendants. For the reasons that follow, the Trustee's motion will be granted in part and denied in part.

The district court has jurisdiction over Defendants' underlying Chapter 7 bankruptcy case as a case under Title 11 and over all proceedings arising in or related to that case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order 2012-7 entered by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to a debtor's right to a discharge. 28 U.S.C. § 157(b)(2)(J).

## LAW AND ANALYSIS

**1. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is only proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986); *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Even when a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *Guarino v. Brookfield Twp. Trustees*, 980 F.3d 399, 407 (6th Cir. 1992).

2

2. **Factual Background**

This adversary proceeding arises out of Defendants' underlying Chapter 7 case, *In re Sepeda*, Case No. 15-33148, which they filed in this court on September 29, 2015. [Case No. 15-33148, Doc. # 1]. Debtors' Chapter 7 discharges were entered on January 27, 2016. [Case No. 15-33148, Doc. # 25]. On July 21, 2016, the Trustee filed in the Chapter 7 case a Motion for Turnover of Property regarding a 2004 Chevrolet SSR motor vehicle. [Case No. 15-33148, Doc. # 38]. Defendants did not oppose the motion for turnover. On August 10, 2016, the court entered an unopposed order directing Defendants/Debtors as follows:

> **IT IS ORDERED** that the Debtors shall surrender the following to the Trustee for administration as part of the bankruptcy estate by August 31, 2016:
>
> - The 2004 Chevrolet SSR (VIN 1GCES14P34B104618) titled to the Debtor Juan B. Sepeda, Jr., keys and title OR IN THE ALTERNATIVE the non-exempt equity therein.

[Case No. 15,33148, Doc. # 40]. No dollar amount for the non-exempt equity is specified in the court's turnover order. The Chapter 7 case is still open.

Nineteen months later, on March 26, 2018, the Trustee timely filed this adversary proceeding against both Debtors. *Dymarkowski v. Sepeda et al.*, Adv. Pro. No. 18-0306. [Doc. # 1]; *see* 11 U.S.C. § 727(e)(2)(B). The complaint seeks to revoke Defendants' discharges on the basis that they refused to obey a lawful court order, specifically the turnover order. It also asks for a money judgment of $12,000 stated to be the non-exempt equity in the motor vehicle as determined by the Trustee. Debtors timely filed their answer to the Complaint, denying its averments of fact with respect to the turnover order and their alleged refusal to comply with it. [Doc. # 10].

In June 2018, in the Chapter 7 case, the Trustee moved for authority to compromise the estate's interest in the 2004 Chevrolet SSR, specifically:

> **WHEREFORE**, your movant prays this Court for an Order authorizing him to compromise his claim for the non-exempt equity in the Debtors' 2004 Chevy SSR and related adversary proceeding for the sum of $4,000 to be paid within 60 days of entry of an order approving said compromise, and for such other and further relief as this Court may deem just.

[Case No. 15-33148, Doc. # 48]. The court granted the Trustee's unopposed motion to compromise on July 9, 2018. [Case No. 15-33148, Doc. # 49].

After nearly five months of inaction on the records of both the adversary proceeding and the Chapter 7 case, the court set a further pretrial scheduling conference in the adversary proceeding. [Doc. #

3

15]. At the January 8, 2019, pretrial conference, Defendants appeared along with their counsel. The Trustee did not attend or participate in the conference. Debtors' counsel advised the court that efforts were being made to refinance their exempt residence in order to come up with the settlement funds related to the vehicle.[1] Defendants asked for a 60-day extension for performance of the compromise. In the absence of any objection, the court granted the extension and set the matter for a further pretrial conference to occur in March 2019. [Doc. # 18]. Likewise, in the main case the court entered a supplement to the order approving the compromise,[2] granting an additional 60 days to perform and providing notice of the March 2019 pretrial conference in the adversary action. [Case No. 15-33148, Doc. # 62].

At the March 5, 2019, pretrial conference, Defendants' attorney advised the court that their attempts at a home loan modification were unsuccessful. Summarizing the pretrial conference held on March 5, 2019, the court noted:

> The parties reached a compromise calling for payment of the sum of $4,000 to Plaintiff in lieu of turnover of the vehicle, which compromise was approved by the court in the main case. However, after the payment deadline was extended by the court, Defendants have neither paid the compromise amount nor turned over the vehicle.

[Doc. # 21].

Plaintiff thereafter filed his motion for summary judgment on the complaint to advance the adversary proceeding. The motion is supported by his Affidavit, which attests to Defendants' Chapter 7 bankruptcy filing, the entry of the turnover order, that the "vehicle or equity are property of the bankruptcy estate" and "[t]hat the Debtors have neither turned over the vehicle nor the non-exempt equity therein." [Doc. # 23, Exh., ¶¶ 2-6]. These undisputed facts form the basis for Plaintiff's motion for summary judgment and requested revocation of Defendants' discharges.

### 3. Revoking Discharge Under 11 U.S.C. § 727

The legal basis for the Trustee's complaint is 11 U.S.C. § 727(a)(6)(A) and (d)(3).[3] He seeks revocation of Defendants' Chapter 7 discharges pursuant to § 727(d)(3), which provides that commission of any act proscribed by § 727(a)(6) as an exception to discharge is also grounds for revocation of

---

[1] At this pretrial, Defendants told the court that the vehicle was in the custody of their grandson.

[2] Where the court approves a compromise between a bankruptcy trustee and defendants in an adversary proceeding, the court has the power to enforce the agreement. *Matter of Omni Video*, 60 F.3d 230 (5th Cir. 1995). In this case, the Trustee has not expressly sought to enforce the compromise, through a supplement to the complaint or otherwise. Rather, Defendants having defaulted in performance of the compromise agreement, he seeks to proceed on his adversary complaint.

[3] The complaint also cites § 727(d)(2). Plaintiff does not argue that section in his motion and the facts do not support it. An example of a § 727(d)(2) claim would be if the vehicle had been sold and the proceeds received and retained by the Defendants, which has not been alleged. *E.g., Wyss v. Fobber (In re Fobber)*, 256 B.R. 268 (Bankr. E.D. Tenn. 2000).

4

discharge. In turn, § 727(a)(6)(A) provides that a debtor who "has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify" must be denied a discharge in bankruptcy.

The word "refused" in § 727(a)(6)(A) requires something more than mere failure to comply with a court order. *Yoppolo v. Freeman (In re Freeman)*, 293 B.R. 413, 415 (Bankr. N.D. Ohio 2002). Other courts have persuasively determined that the showing necessary to deny a debtor a discharge for refusing to obey an order is the same as that for determining whether to hold a party liable for civil contempt. *Id*.; *Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 747 (Bankr. S.D. Ohio 2001); *United States v. Richardson (In re Richardson),* 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988). In a civil contempt proceeding, three elements must be established by clear and convincing evidence: "(1) the alleged contemnor had knowledge of the order which [s]he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)). The bankruptcy judge who issues an order is normally in the best position to evaluate whether noncompliance warrants denial of discharge. *Yoppolo v. Walter (In re Walter)*, 265 B.R. 753, 758 (N.D. Ohio 2001) (AFor purposes of ' 727(a)(6)(A), a bankruptcy court, in determining whether a debtor has >refused= to obey a court order, is given a great deal of discretion,@ citing *Devers v. Bank of Sheridan, Montana (In re Devers)*, 759 F.2d 751, 755 (9th Cir. 1985)). Where a discharge has already been entered, this conduct is likewise grounds for revocation of discharge under § 727(d)(3).

The Supreme Court recently addressed the "legal standard for holding a creditor in civil contempt when the creditor attempts to collect a debt in violation of a bankruptcy discharge order." *Taggart v. Lorenzen*, --U.S.--, No. 18-489, 2019 WL 231303 (June 3, 2019). While in *Taggart* the Court clarified the contempt standard as to a creditor and violation of a discharge injunction, the Court also addressed civil contempt standards in general:

> [W]e have said that civil contempt "should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct." *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885) (emphasis added). This standard reflects the fact that civil contempt is a "severe remedy," *ibid*., and that *principles of "basic fairness require[s] that those enjoined receive explicit notice" of "what conduct is outlawed" before being held in civil contempt, Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (*per curiam*). [Emphasis added]. *See Longshoremen*, *supra*, at 76 (noting that civil contempt is usually not appropriate unless "those who must obey" an order "will know what the court intends to require and what it means to forbid"); 11A C. Wright, A. Miller, & M.Kane,

5

> Federal Practice and Procedure §2960, pp. 430-431 (2013) (suggesting that civil contempt may be improper if a party's attempt at compliance was "reasonable").

*Id*. at *4.  Here, this court must apply the statutory standard in § 727(a)(6)(A) of "refusal" to obey a court order and give content to that standard.  The holding in *Taggart* does not change this court's view that the three elements set forth in *In re Magack* are an appropriate measure of what constitutes statutory "refusal" to obey a court order that justifies revocation of discharge under § 727(d)(3). Moreover, in this context, the element that the order be definite and specific addresses the Court's concern in *Taggart* that the object of a court order have notice of what is required to comply with it.  Application of this element in this case is shown below, where the court declines to find refusal to comply with the order to turnover unspecified non-exempt equity in the 2004 Chevrolet SSR.  In short, *Taggart* does not directly impact the court's ruling on the Trustee's motion, other than to confirm the propriety of a meaning for "refusal" that incorporates as a requirement that the court order at issue be definite and specific.

With respect to the first element of proof, there is no dispute that Defendants had contemporaneous knowledge of the turnover order in the Chapter 7 case.

With respect to the third element of proof, the order specifically identifies the personal property at issue, by make and model of vehicle and VIN number, and sets a reasonable deadline for compliance with it. The order at issue is simple, clear and specific, at least as to the obligation to turnover the vehicle itself. It is not, however, clear and specific as to the obligation to turnover the non-exempt equity in the motor vehicle, because no dollar amount is set forth in the court's order.

Nevertheless, there is a problem with the record insofar as establishing the second element of proof of violation of the court order. The factual record on that element diverges with respect to Defendant Maria Sepeda and Defendant Juan Sepeda.

There is no dispute that the court order has not been obeyed as to turnover of the vehicle, by the deadline or otherwise.  The Trustee's Affidavit shows that the 2004 Chevrolet SSR at issue has not been turned over to him for administration as part of the bankruptcy estate.  The turnover order states that the truck is titled in Juan Sepeda's name; simply put, it is his motor vehicle. That fact is not in dispute. Thus, there is no dispute that Defendant Juan Sepeda violated the court's turnover order. The second element of proof is met as to him with respect to turnover of the vehicle itself.  The Trustee has, therefore, established grounds for revocation of discharge, as to Juan Sepeda, due to his failure to turnover his 2004 Chevrolet SSR.

The situation is different as to Maria Sepeda. While the underlying motion for turnover and the court order at issue are directed at "Debtors," in the plural, there are no facts in the Trustee's Affidavit or otherwise in the record showing that Maria Sepeda had any control over Juan Sepeda's vehicle. For example, there are no facts in the record showing that she ever had custody or control of his vehicle and was thus in position to hand it over to the Trustee as required by the court's turnover order. In the absence of such facts, the court has no basis to find that Maria Sepeda violated the court's turnover order. Moreover, given the absence from the order of a definite dollar amount setting the non-exempt equity in the vehicle, she cannot be said to have refused to comply with the court's turnover order in any respect because it is not clear, definite and specific in that regard. The second element for revocation of discharge has not been met as a matter of law on summary judgment as to Defendant Maria Sepeda. As to her, Plaintiff has not shown that he is entitled to summary judgment in his favor.

4. **Relief requested**

In his complaint's prayer for relief, Plaintiff requests revocation of Defendants' discharges, a money judgment in the amount of $12,000, costs and reasonable attorney fees. [Doc. # 1, at p. 2]. Likewise, Plaintiff's motion for summary judgment asks, in its conclusion, for "judgment against the defendant [sic] in the amount of $12,000.00 representing the non-exempt equity in the vehicle." [Doc. # 23, p. 4/6]. *Cf. Miller v. Christensen (In re Christensen)*, 403 B.R. 733, 737 (Bankr. D. Utah 2009) (court recognizes that trustee's claims for discharge revocation and money judgment are separate and independent). While the court has determined that Plaintiff is entitled on summary judgment to revocation of Defendant Juan Sepeda's discharge due to his failure to turnover his vehicle to Plaintiff, there is nothing in the record supporting the value of the vehicle's non-exempt equity other than the Trustee's unsubstantiated say-so in the prayer for relief in his complaint and in the conclusion to the motion. Under Rule 56(c), a party asserting that a fact cannot be genuinely disputed must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). There is no such support in the record for $12,000.00 as the non-exempt equity in the vehicle and thus no properly supported amount for a money judgment in addition to revocation of discharge. The appraisal referred to in the motion to compromise filed in the Chapter 7 case (the vehicle is stated there to be worth $15,500) is not part of the record, authenticated or otherwise. Plaintiff has not established on summary judgment that he is entitled to a money judgment against either Juan Sepeda or Maria Sepeda.

**CONCLUSION**

The court will grant Plaintiff's motion for summary judgment to the extent of revocation of Defendant Juan Sepeda's discharge, only. The court will deny Plaintiff's motion for summary judgment to the extent he seeks a money judgment against Defendant Juan Sepeda and, in total, as to his claims against Defendant Maria Sepeda. By separate order of the court, it will set a further pretrial conference to determine how Plaintiff intends to proceed with respect to his claim for a money judgment against Juan Sepeda and his claims against Maria Sepeda.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 23] is hereby **GRANTED in part** as to Defendant Juan B. Sepeda, Jr. only, and only to the extent of Plaintiff's claim for revocation of Juan B. Sepeda, Jr.'s discharge; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 23] is hereby **DENIED in part** as to his claim for a money judgment against Defendant Juan B. Sepeda, Jr.; and

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED in part** as to Plaintiff's claims against Defendant Maria A. Sepeda.

###